## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **WILLIAM LYNN CLAUSEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 09-907-GPM** |
| | ) | |
| **JOHN and JANE DOES,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

Plaintiff William Lynn Clausen, currently an inmate in the Illinois River Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

FACTUAL ALLEGATIONS

In 1991, Clausen erroneously was charged in Jefferson County with driving under the influence, a violation of 625 ILCS 5/11-501, in case number 91-CF-31.  In October 1993, Clausen paid a fine on an unrelated charge and was notified that the fine remained unpaid in 91-CF-31. Clausen then spoke with Assistant States Attorney Gary Duncan, and they determined that the charges in 91-CF-31 actually were against a William Carlson, not Clausen.  Clausen and Duncan went to the judge, who dismissed the charges against Clausen.  However, due to a clerical oversight, there remained a record that Clausen had not paid the fine in 91-CF-31, and he was falsely arrested numerous times due to that clerical error.

In 2008, Clausen was charged with driving under the influence in Champaign County, Illinois, case number 08-CF-644.  Because he had three prior convictions for the same offense, Clausen was sentenced to three years imprisonment.  In this action, Clausen asserts that 91-CF-31 should not be counted as a prior DUI, as he was not the person charged in that offense.  He seeks to have the records in Jefferson County corrected, thus removing his name from 91-CF-31 and, presumably, adjusting his sentence in Champaign County.  He also seeks damages for the suffering he has endured due to this erroneous record in Jefferson County.

DISCUSSION

Clausen attached part of the transcript of his change-of-plea hearing in 08-CF-644, as well as other documents from that case.  The Information in that case charges Clausen with driving under the influence of alcohol

> [i]n that the defendant drove a motor vehicle in Champaign County,
> IL at a time he was under the influence of alcohol and he has three

times previously committed a violation of 625 ILCS 5/11-501, in Jackson County Illinois in case number 1987-TR-261, in Champaign County, Illinois in case number 1990-T-8914, and in Wabash County, Illinois in case number 1991-TR-782.

There is no mention of case 91-CF-31 being counted as a prior DUI, nor is there a mention of any prior case in Jefferson County.  From the record before the Court, it is clear that the Jefferson County case was not counted against Clausen in computing his current sentence, and thus he did not suffer any procedural due process violations.

### CONCLUSION

In summary, the complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice.  Clausen is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED:  06/01/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge